UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TAYLOR GRAHAM**                       **CIVIL ACTION**

**VERSUS**                                **NO. 19-60-BAJ-EWD**

**GRACE ECHOLS,
NE TRANS CARE, LLC, AND
GATEWAY INSURANCE COMPANY**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff Taylor Graham ("Plaintiff") on October 19, 2017 in Livingston Parish, Louisiana when Plaintiff's vehicle was allegedly rear-ended by the vehicle driven by Defendant Grace Echols ("Echols") as the two were exiting Interstate 10.[1] On or about October 19, 2018, Plaintiff filed a Petition for Damages ("Petition") against Echols, her employer, NE Trans Care, LLC ("NE Trans Care") and Gateway Insurance Company ("Gateway"), the insurance carrier of NE Trans Care, in the Twenty-First Judicial District Court for the Parish of Livingston.[2] On January 31, 2019, Echols and Gateway ("Removing Defendants") removed this matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3] The Removing Defendants allege that NE Trans Care had not been served at the time of removal.[4]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-2, ¶¶ 2-4.
[2] R. Doc. 1-2.
[3] R. Doc. 1, ¶¶ 6, 9.
[4] R. Doc. 1, ¶ 5.

The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana, Echols is a domiciliary of Mississippi, Gateway is a corporation incorporated in Missouri with its principal place of business in Illinois, and NE Trans Care, though not served, is a limited liability company, with one member, Don Echols, who is a domiciliary of Ohio; therefore, complete diversity of citizenship appears to exist.[5]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs.[6] The Petition alleges that Plaintiff "continues to experience problems with her back and neck."[7] In connection with these general injuries, Plaintiff seeks damages for past and future physical pain, suffering and disfigurement, and mental anguish and distress; loss or diminishment of the enjoyment of life; medical and hospital costs; wage losses, and loss and/or diminishment of earning capacity; and fees, costs and interest.[8] With respect to the medical and hospital costs, Plaintiff claims to have incurred "numerous medical bills, including but not limited to, doctor visits, physical therapy, diagnostic tests and procedures."[9]

Removing Defendants allege that they requested Plaintiff's medical records and authorizations on multiple occasions so that they could determine if the jurisdictional threshold was reached.[10] They only received "limited medical records," however, after corresponding with Plaintiff's counsel, they ultimately determined that Plaintiff has been to the doctor three times over a one-year period, and that she has received approximately two sets of nerve block injections and is recommended to undergo radio frequency ablation in early February.[11] Removing Defendants

---

[5] R. Doc. 1, ¶¶ 2-5.
[6] *See* 28 U.S.C. §1332(a).
[7] R. Doc. 1-2, ¶ 7.
[8] R. Doc. 1-2, ¶ 8 and prayer for damages.
[9] R. Doc. 1-2, ¶ 5.
[10] R. Doc. 1, ¶ 7.
[11] R. Doc. 1-7, R. Doc. 1-8, and R. Doc. 1-10.

contend that Plaintiff's alleged injuries and medical procedures, coupled with Plaintiff's failure to respond to Removing Defendants' proffered stipulations that Plaintiff's damages do (or do not) exceed $75,000, all indicate that the amount in controversy is met.[12]

However, the foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiff's general allegations of injuries to her neck and back, and boilerplate recitation of general categories of damages, are insufficient. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[13] There is no specific description of Plaintiff's alleged injuries, and Plaintiff's Petition does not allege the severity of the injuries (*e.g.*, whether the injuries are permanent). There is no indication of the actual amount of medical expenses Plaintiff has incurred thus far, or of any work limitations. While there is some indication of the treatment Plaintiff has received, *i.e.*, three doctor visits over a one-year period, as well as two nerve block injections and a recommended radio frequency ablation,[14] those types of procedures typically involve medical expenses far short of the jurisdictional threshold.[15] Finally, Plaintiff's failure to stipulate that her damages are less than the federal jurisdictional minimum is only one factor to be considered and is not conclusively determinative of whether the amount in

---

[12] R. Doc. 1, ¶ 7, R. Doc. 1-7, R. Doc. 1-8, R. Doc. 1-9, and R. Doc. 1-10.
[13] *Davis v. JK & T Wings, Inc*., No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[14] R. Doc. 1-7, R. Doc. 1-8, and R. Doc. 1-10.
[15] *See Griffin v. Winn-Dixie Montgomery, LLC,* No. 14-1162, 2014 WL 2158482, at *1 (E.D. La. May 22, 2014) (ordering remand despite that the plaintiff received "lumbosacral medical branch blocks at L2, L3, L4, a radiofrequency ablation of the lumbar facet medial nerve branches, one sacroiliac injection, and two epidural steroid injections" and her physician "has referenced the possibility of a discogram and referral to a neurosurgeon for possible surgical treatment."

controversy requirement is met.[16]  It is thus unclear from the Petition and the Notice of Removal whether the amount in controversy requirement is met.

Although Plaintiff has not filed a Motion to Remand,[17] the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[18]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Grace Echols and Gateway Insurance Company shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order and that Plaintiff Taylor Graham shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum.  Supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is met under 28 U.S.C. § 1332(a).  Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address any Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, February 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] *See Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009).
[17] The Notice of Removal states that counsel for Removing Defendants "understands there is no dispute that the amount in controversy threshold has been met …." (R. Doc. 1, ¶ 7).  If that is, indeed, correct, this Notice and Order provides Plaintiff an opportunity to advise the Court that the requisite amount in controversy is met.
[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").